| | | |
|---|---|---|
| RODRICK TATE #316412, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00019 |
| | ) | Senior Judge Haynes |
| SOUTH CENTRAL DOCTORS, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

Plaintiff, Rodrick Tate, an inmate incarcerated in South Central Correctional Facility in

Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against unnamed doctors at

that facility for alleged violation of Plaintiff's Eighth Amendment rights. Plaintiff alleges that he

was injured while working in the prison kitchen in 2011.

Plaintiff alleges that he went to the clinic and was given pain pills and treated with

muscle relaxants for 2 years after the injury. Plaintiff alleges that his injury actually required

surgery, and that he has suffered permanent damage to his left arm because he did not receive

surgery. Plaintiff's claims are that "South Central doctors violated my Eighth Amendment

Rights" in connection with their treatment of his injury.

The Complaint (Docket Entry No. 1) is before the Court for an initial review pursuant to

the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C.

§ 1997e. Under the PLRA, the Court must conduct an initial review of any civil complaint filed

*in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government

entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C.

§ 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion

thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits.")

To state a § 1983 claim, Plaintiff must allege plausible factual allegations of: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's claim is under the Eighth Amendment for Defendant's alleged deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). But mere claims of negligent treatment or medical malpractice do not amount to deliberate indifference. *Estelle*, 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's allegations are that the prison medical staff provided some medical care for his ailments, but Plaintiff does not allege facts from which the Court can infer this medical care to be "woefully inadequate." Plaintiff's allegation that "what [he] really needed was surgery" is insufficient under *Ruiz* to establish the deliberate indifference required to offend the Constitution.

For these reasons, Plaintiff's complaint fails to state a claim upon which relief can be

-3-

granted.

An appropriate Order is filed herewith.

**ENTERED** this the _30th_ day of _March_, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge